## Milleman, Appellant, v. Kavanaugh.

*Equity—Jurisdiction—Remedy at law—Partnership.*

The creditors of a deceased partner who were not creditors of the partnership, agreed with the surviving partner and the widow of the deceased partner, who was also his administratrix, that the surviving partner should purchase the partnership property, pay the partnership debts, and pay the

administratrix whatever should be due to the deceased partner's estate. He was also to furnish to the deceased's creditors a statement of the amounts paid. By a second agreement dated one day after the first, between the creditors and the widow as an individual, and not as administratrix, it was agreed that if the interest of the deceased's estate in the surplus after the payment of the partnership debts, was not sufficient to discharge the debt of the creditors, she would pay it with the profits to be derived from a new partnership between herself and the surviving partner. The creditors agreed that they would not demand payment of her in any other manner. Subsequently, the creditors, who were not paid, filed a bill in equity against the administratrix, the members of the new partnership, and a corporation that succeeded to the partnership, praying for an account of the second partnership and the payment of their debts. *Held,* that the bill was properly dismissed, inasmuch as the creditors' remedy was against the widow alone, as an individual, and as to her they had an adequate remedy at law.

Argued Oct. 19, 1905. Appeal, No. 75, Oct. T., 1905, by plaintiff, from decree of C. P. Butler Co., Dec. T., 1902, No. 3, dismissing bill in equity in case of H. C. Milleman and J. C. Milleman, trading as Milleman Bros., v. Mary S. Kavanaugh, administratrix of Wm. Kavanaugh, deceased, Mary S. Kavanaugh et al., trading as William Kavanaugh & Company, and the Wm. Kavanaugh Company, incorporated. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an account. Before PATTEN, P. J.
The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*J. D. Marshall,* for appellant.—In order to oust equity jurisdiction the remedy, or supposed remedy, at law must be full, adequate and complete : Kirkpatrick v. McDonald, 11 Pa. 387 ; Warner v. McMullin, 131 Pa. 370 ; Johnston v. Price, 172 Pa. 427 ; Gray v. Citizens' Gas Co., 206 Pa. 303 ; Penna. R. R. Co. v. Bogert, 209 Pa. 589 ; Bierbower's App., 107 Pa. 14.

A court of equity will entertain a bill for an account where the bill does not contemplate a dissolution of the partnership : Hudson v. Barrett, 1 Parsons, 414.

*W. H. Lusk,* with him *W. D. Brandon,* for appellees, cited : Williams's App., 101 Pa. 474 ; Coatesville, etc., St. Ry. Co. v. Ry. Co., 206 Pa. 40 ; Bovaird v. Seyfang, 200 Pa. 261.

OPINION BY MR. JUSTICE FELL, January 2, 1906:

The right which the plaintiffs seek to enforce by the bill filed arises from two agreements made under the following circumstances: William Kavanaugh had been one of three members of a partnership which had been dissolved by his death. Letters of administration on his estate had been granted to his widow, Mary S. Kavanaugh. One of the surviving partners proposed to purchase the property of the partnership, the purchase money to be applied to the payment of the partnership debts, and the balance, if there should be any, to be divided according to the interests of the partners. It was also proposed to form a new partnership, composed of the surviving partners and the widow of the deceased partner, to continue the business. The plaintiffs were creditors of the deceased partner but not of the partnership, and their assent to the proposed method of closing the affairs of the partnership was desired.

Both of the agreements are inartificially drawn, but their meaning is obvious. The first, signed by the plaintiffs and the surviving partner who purchased the property and paid the partnership debts, recites the terms of the purchase and his agreement to pay to the administratrix whatever should be due her husband's estate, and by it he agrees at the completion of the settlement to furnish the plaintiffs with a statement of the amounts paid with vouchers. To this method of winding up the partnership the plaintiffs agreed. The second agreement, dated one day after the first, is between the plaintiffs and Mrs. Kavanaugh, as an individual and not as administratrix. It recites the terms of the sale, the purpose of the surviving partners and Mrs. Kavanaugh to form a new partnership, and by it she agrees that if the interest of her husband's estate in the surplus after the payment of the partnership debts is not sufficient to discharge the debt of the plaintiffs, she will pay it with the profits she derives from the new partnership. The plaintiffs agree that they will not demand payment of her in any other manner.

The bill is against the administratrix, the three members of the new partnership, and a corporation that succeeded to the business of the partnership. Its prayers are for a decree directing the partner who purchased the property and paid the debts

of the first partnership to render a statement showing the amounts paid; for an account of the affairs of the second partnership and a decree that it pay the plaintiffs the amount due the estate of the deceased partner after the payment of partnership debts, and Mrs. Kavanaugh's share of the profits; for a decree that Mrs. Kavanaugh transfer so much of the stock she holds of the corporation as may be required to pay the plaintiffs' claim; for the appointment of a receiver for the corporation. The demurrers are on the ground that the bill sets forth no ground of equitable relief, and that it is multifarious.

The purpose of the first agreement was to secure the consent of the plaintiffs to the sale of the partnership property and its only effect is to estop them as creditors of a deceased partner from asserting that the price was inadequate and that more could have been secured by the administratrix if the affairs of the partnership had been wound up and an account rendered by the surviving partners to the administratrix of the deceased partner. By the second agreement they secured an additional security in the personal obligation of Mrs. Kavanaugh to make up any deficiency out of the profits she should receive from the new partnership. She, and she alone, was to pay. The liquidating partner was not to pay them nor to pay her for their use, but to pay her as administratrix for distribution among all the creditors of her husband's estate. There was no substitution of the liability of the liquidating partner nor of the new firm for that of the estate of the deceased partner, nor were assets received by either under a promise to pay. The new partnership had not been formed when the agreement was made, and the only obligation assumed by the partner who purchased the property was to furnish an itemized account, with vouchers, after the settlement of the business of the partnership. It is not averred that the business has been settled, nor that an account has been demanded and refused. The bill shows no right except against one of the defendants, for a breach of her promise to pay the profits arising from the new partnership. The remedy for this at law is plain and adequate. It is unnecessary to consider the other ground of demurrer.

The decree is affirmed at the cost of the appellant.